# In the United States Court of Federal Claims

No. 21-1686C
Filed: December 22, 2021
NOT FOR PUBLICATION

---

**GREGORY JOSEPH PODLUCKY, et al.,**

        *Plaintiffs*,

v.

**UNITED STATES,**

        *Defendant*.

---

## MEMORANDUM OPINION AND ORDER

*HERTLING*, **Judge**

Gregory Joseph Podlucky and Karla Sue Podlucky filed this suit seeking damages of $11,374,989.42 for an alleged taking. The property allegedly taken was jewelry forfeited to the United States following the plaintiffs' convictions for various financial crimes.[1]

With the complaint, Mr. Podlucky filed a motion for leave to proceed *in forma pauperis*. Mrs. Podlucky did not join in that motion. Mr. Podlucky has demonstrated that he satisfies the requirements to proceed in this manner. Mr. Podlucky's motion for leave to proceed *in forma pauperis* is granted. Separate financial information regarding Mrs. Podlucky is not before the Court, but the defendant has not opposed the motion with respect to her, and if the financial information submitted by Mr. Podlucky covers his wife as well, then she too qualifies to proceed *in forma pauperis*.

The defendant has moved to dismiss the complaint for lack of jurisdiction and failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(1) and 12(b)(6). Because the complaint presents claims that fall outside the limited jurisdiction of the Court of Federal Claims, the defendant's motion to dismiss is granted.

---

[1] The plaintiffs are suing on their own behalf. The complaint was signed only by Mr. Podlucky; Mrs. Podlucky did not sign the complaint. Although non-lawyers may not represent parties other than themselves in this court, the applicable Rule allows a *pro se* plaintiff to appear on behalf of an "immediate relative." Rule 83.1(a)(3) of the Rules of the Court of Federal Claims ("RCFC"). Although Mrs. Podlucky's relationship to Mr. Podlucky is not apparent from the face of the complaint, materials supplied by the defendant establish that Mrs. Podlucky is Mr. Podlucky's wife, and he may therefore represent both plaintiffs.

## I.    BACKGROUND[2]

Mr. Podlucky was majority shareholder and chief executive officer of LeNature's Inc. *See United States v. Podlucky*, No. CR 11-37, 2019 WL 1359486 (W.D. Pa. Mar. 26, 2019) (denying Mrs. Podlucky's petition for post-conviction relief), *certificate of appealability denied*, No. CV 19-2218, 2019 WL 6506186 (3d Cir. Oct. 24, 2019).  Mrs. Podlucky was also involved with LeNature's, as was the Podluckys' son, Jesse.  In connection with a large-scale money-laundering scheme involving LeNature's, both Mr. and Mrs. Podlucky, along with Jesse, were charged with multiple federal financial offenses.

In 2011 Mr. Podlucky pleaded guilty in the Western District of Pennsylvania to income-tax evasion, mail fraud, and conspiracy to launder money.  As part of his plea agreement, Mr. Podlucky agreed to forfeit "all pieces of gems and jewelry that were seized as evidence during the investigation and are currently in the possession of the United States (hereafter the Subject Jewelry), with the exception of certain personal pieces to be agreed upon by the parties . . . ." *See United States v. Podlucky*, No. CR 09-278, 2017 WL 3394142, at *1 (W.D. Pa. Jan. 13, 2017).  Mr. Podlucky acknowledged in the plea agreement that the jewelry was "criminally forfeitable to the Government as a substitute asset and voluntarily consented to the Court entering an order of forfeiture against the Subject Jewelry in favor of the United States." *Id.*  Mr. Podlucky was sentenced to 20 years of imprisonment on the fraud and conspiracy counts and five years on the tax evasion count, to run concurrently and to terms of supervised release and ordered to pay restitution of $661,324,329.81. *Id.*

Mrs. Podlucky was convicted after a jury trial for her role in the fraudulent scheme and sentenced to 51 months of imprisonment and a term of supervised release.  She was also ordered to forfeit her interest in a stock fund of approximately $1,373,000 and had a judgment entered against her for almost $1,440,000.  These latter two sanctions were entered jointly against Mrs. Podlucky and Jesse. *United States v. Podlucky*, CR No. 11-37, 2012 WL 1850931 (W.D. Pa. May 21, 2012).  The Third Circuit affirmed her convictions and sentences on appeal. *United States v. Podlucky*, 567 F. App'x 139 (3d Cir. 2014).

Mr. Podlucky challenged the forfeiture provision of his plea agreement in a 2013 petition for post-conviction review.  In rejecting the petition regarding the forfeiture provision, the

---

[2] For purposes of the defendant's motion to dismiss, the Court takes the allegations in the complaint as true.  The Court takes judicial notice of the decisions of other federal courts in connection with the criminal cases against the plaintiffs and the pending forfeiture action, as they have been incorporated by reference in the complaint. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *Bell/Heery v. United States*, 106 Fed. Cl. 300, 307 (2012), *aff'd*, 739 F.3d 1324 (Fed. Cir. 2014).  In their opposition to the motion to dismiss, the plaintiffs spend a great deal of time challenging the validity of their guilty pleas and the evidence against them.  Their disagreement with the facts found underlying their convictions, as recited by the district court and Third Circuit in the cases cited, is irrelevant to the Court's resolution of the plaintiffs' claim.

district court found the provision to be an unenforceable "agreement to agree." *United States v. Podlucky*, No. CR 09-278, 2014 WL 7369841, at *3-4 (W.D. Pa. Dec. 29, 2014), *certificate of appealability denied*, No. 15-1240 (3d Cir. 2015).

In late 2016, Mr. Podlucky attempted to withdraw his guilty plea. The district court rejected his effort. *Podlucky*, No. CR 09-278, 2017 WL 3394142. The Third Circuit affirmed the denial of Mr. Podlucky's motion to withdraw his guilty plea. *United States v. Podlucky*, 697 F. App'x 744, 746 (3d Cir. 2017).

In January 2017, Mr. Podlucky filed a "Motion to Release Lien" in the district court, which denied the motion. The Third Circuit summarily affirmed the denial of the motion. *United States v. Podlucky*, 690 F. App'x 787 (3d Cir. 2017).

Even after the rejection of all his collateral attacks on his conviction and sentence, Mr. Podlucky continued to file various motions seeking relief from his conviction in the district court, which rejected them in its most recent opinion. *United States v. Podlucky*, No. CR 09-278, 2021 WL 1124907 (W.D. Pa. Mar. 24, 2021), *appeal filed*, No. 21-2015 (3d Cir. May 27, 2021).

In 2012, the United States filed *in rem* a verified complaint for criminal forfeiture arising from its prosecution of Mr. and Mrs. Podlucky. *United States v. Various Items of Jewelry*, No. 2:12-cv-01171-ANB (W.D. Pa. Aug. 15, 2012). Attached to the government's forfeiture complaint in that case was a 66-page listing of the various items of jewelry allegedly subject to forfeiture. The government's forfeiture action was stayed pending the conclusion of criminal proceedings against Mr. and Mrs. Podlucky, and the stay remained in place while the collateral post-conviction proceedings outlined above took place. In April 2021, the district court lifted the stay, and the government's forfeiture case remains pending.

In March 2021, Mr. Podlucky filed suit against the Department of Justice in the District of Colorado alleging that it had breached the plea agreement by failing to return jewelry with an alleged cost basis of more than $4.8 million. *Podlucky v. Dep't of Justice*, No. 1:21-cv-00646-GPG (D. Colo. March 29, 2021). The district court found that it lacked subject-matter jurisdiction and dismissed the complaint without prejudice.

Finding no success in the district courts and the Third Circuit, the plaintiffs have now turned to the Court of Federal Claims to seek relief.

Earlier this year, Mr. Podlucky filed a complaint in this court raising a claim closely related to the one alleged in this case. Judge Campbell-Smith *sua sponte* dismissed the case without prejudice, finding that the claim was untimely and barred by the six-year statute of limitations on actions filed in this court under 28 U.S.C. § 2501. *Podlucky v. United States*, No. 21-1377C, 2021 WL 2627130 (Fed. Cl. June 25, 2021), *reconsideration denied*, No. 21-1377C, 2021 WL 3124073 (Fed. Cl. July 23, 2021), *appeal filed*, No. 21-2226 (Fed. Cir. Aug. 11, 2021). Citing the government's pending forfeiture action against the jewelry, Judge Campbell-Smith declined to transfer the case in the interest of justice because to do so would produce duplicative litigation over the same claim. *Id*. at *3. Judge Campbell-Smith denied reconsideration of the dismissal. *Podlucky v. United States*, No. 21-1377C, 2021 WL 3124073 (Fed. Cl. July 23, 2021).

After denial of reconsideration in No. 21-1377 and before filing this action, Mr. Podlucky filed two other complaints in this court. In the first case, he sued to enforce an alleged default judgment he had filed in his closed criminal case. *See Podlucky v. United States*, No. 21-1634C (Fed. Cl. July 29, 2021). That case too was assigned to the undersigned and is being dismissed for lack of jurisdiction through an opinion and order being filed concurrently with this one. In the second case, filed on August 3, 2021, Mr. Podlucky purported to sue on behalf of the Grace Community Church of the Valley alleging a taking under the fifth amendment. *See Grace Cmty. Church of the Valley v. United States*, No. 21-1665C, 2021 WL 5045715 (Fed. Cl. Oct. 29, 2021). That case was dismissed by Chief Judge Kaplan because Mr. Podlucky could not represent a corporation or entity himself as a non-lawyer under RCFC 83.1(a)(3). *Id.* at *2.

In August 2021, after Judge Campbell-Smith dismissed Mr. Podlucky's earlier case in this court and after Mr. Podlucky filed the other two cases noted, the plaintiffs filed this action. The plaintiffs allege that a federal agent testified that "fifty percent (50%) of the Jewelry that was unlawfully taken during the searches and seizures" undertaken pursuant to a search warrant issued by a magistrate judge "were not traced to alleged illegal proceeds" of their criminal activities. (Compl. at 2.) From this premise, the plaintiffs allege that their "jointly-owned Jewelry has been unlawfully taken from [them] in violation of the Takings Clause of the Fifth Amendment." (*Id.*) They seek damages of $11,374,989.42, apparently the value of half of the jewelry subject to forfeiture to the government pursuant to Mr. Podlucky's plea agreement. They predicate their claim on the testimony of a federal agent during the criminal proceedings that approximately half of the jewelry seized from the plaintiffs could be "correlate[d]" to "specific purchase records that were found in the course of the investigation." (Compl., Ex. 2 at 13.[3])

The defendant has moved to dismiss the complaint, interposing three defenses: the plaintiffs' claim is barred by *res judicata*; the claim is barred by the statute of limitations; and the claim is within the exclusive jurisdiction of the district courts.

## II.    STANDARD OF REVIEW AND JURISDICTION

### A. Standard of Review

The government has moved to dismiss both for lack of subject-matter jurisdiction under RCFC 12(b)(1) and for failure to state a claim under RCFC 12(b)(6).

Under RCFC 12(b)(1), the "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). When a plaintiff's jurisdictional facts are challenged, only those factual allegations that the government does not controvert are accepted as true. *Shoshone Indian Tribe of Wind River Rsrv. v. United States*, 672 F.3d 1021, 1030 (Fed. Cir. 2012). The court is not "'restricted to the face of the pleadings'" in resolving disputed jurisdictional facts, *id.* (quoting *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d

---

[3] The cited page numbers of the plaintiffs' exhibits refer to the digital pagination automatically generated by the court's electronic docket filing system.

1573, 1584 (Fed. Cir. 1993), *cert. denied*, 512 U.S. 1235 (1994)), and may review evidence outside the pleadings. *Id.*

The plaintiff has the burden of establishing jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc.*, 659 F.3d at 1163. If the court finds that it lacks subject-matter jurisdiction over the plaintiff's claim, RCFC 12(h)(3) requires dismissal of the claim.

Under RCFC 12(b)(6), dismissal "is appropriate when the facts asserted by the claimant do not entitle him to a legal remedy." *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). The court must both accept as true a complaint's well-pleaded factual allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and draw all reasonable inferences in favor of the non-moving party. *Sommers Oil Co. v. United States*, 241 F.3d 1375, 1378 (Fed. Cir. 2001). To avoid dismissal under RCFC 12(b)(6), a complaint must allege facts "plausibly suggesting (not merely consistent with)" a showing that the plaintiff is entitled to the relief sought. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

## B. *Pro se* plaintiffs

The plaintiffs are proceeding *pro se*. As a result, their pleadings are entitled to a more liberal construction than the Court would give to pleadings prepared by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Giving *pro se* litigants' pleadings a liberal interpretation and construction does not divest *pro se* plaintiffs of the responsibility of having to demonstrate that they have satisfied the jurisdictional requirements that limit the types of claims the Court of Federal Claims may entertain. *See Spengler v. United States,* 688 F. App'x 917, 920 (Fed. Cir. 2017); *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In construing *pro se* litigants' pleadings liberally, the court does not become an advocate for the litigants. Rather, the court ensures that the *pro se* litigants' pleadings are construed in a manner that gives the litigants every opportunity to make out a claim for relief.

## C. Jurisdiction

The jurisdiction of the Court of Federal Claims is established by the Tucker Act, 28 U.S.C. § 1491, which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction in the Court of Federal Claims if a claim is (1) founded on an express or implied

contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, unless arising from a tort.  *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009).  "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act.  The claim must be one for money damages against the United States . . . ."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *see also United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Under this authority, the court may hear claims under the fifth amendment for a taking "based on the acts of an agent of the United States."  *Lion Raisins, Inc. v. United States*, 416 F.3d 1356, 1362 (Fed. Cir. 2005).

Simply asserting a takings claim, however, does not end the matter.  This court's authority to hear a case is limited in several ways relevant to the complaint in this case.

## III.  DISCUSSION

### A.  *Res Judicata*

In June 2021, Mr. Podlucky filed a complaint in this court based on the same factual underpinnings.  Judge Campbell-Smith dismissed the complaint *sua sponte*, finding the complaint time-barred.  Mr. Podlucky filed an appeal.  The complaint in the instant case fails to cure the jurisdictional defect identified by Judge Campbell-Smith.  Having lost before one judge of this court, the doctrine of *res judicata* (literally "the matter has been adjudicated"), or claim preclusion, prevents the plaintiffs from seeking a redetermination of Judge Campbell-Smith's decision in a new case.

For *res judicata* to apply, (1) the parties in the two cases must be identical or in privity, (2) the first suit must have proceeded to a final judgment on the merits, and (3) the claim in the second case must be based on the same set of transactional facts as the first case.  *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1268 (Fed. Cir. 2008).

Although the earlier case was brought only by Mr. Podlucky and the current case is filed by both Mr. and Mrs. Podlucky, the first factor is satisfied.[4]  Mr. Podlucky is party to both cases.  Mrs. Podlucky, as his wife, was in privity with her husband for his first claim.  The fact that Mr. Podlucky purports to represent both himself and his wife in this case requires that the Court find Mrs. Podlucky to be in privity with her husband.  As noted, were Mrs. Podlucky not in privity with Mr. Podlucky, he could not represent her in this suit as a non-lawyer.

---

[4] In their opposition to the motion to dismiss, Mr. Podlucky asserts that he is "removing himself as a Plaintiff in this instant matter" to overcome *res judicata*.  (Pls.' Reply to Def.'s Mot. to Dismiss at 7.)  The plaintiffs have made no motion to dismiss Mr. Podlucky from this action; consequently, he remains a plaintiff.  Even were Mr. Podlucky to seek to dismiss himself voluntarily from the case, it would make no difference.  Because the plaintiffs are in privity with each other, *res judicata* would still apply.

The third factor of the test is also satisfied.  Both the first case and this one are based on the same set of transactional facts: the seizure of the contested jewelry during the course of the federal criminal investigation of Mr. and Mrs. Podlucky and LeNature's.

The second factor requires a judgment on the merits of the first suit.  A dismissal for lack of jurisdiction is not an adjudication on the merits, but judges of this court have held that when a "'second-filed claim presents the same jurisdictional issue as raised in the first suit, the doctrine of res judicata bars the second claim,' unless 'the second-filed claim contains new information which cures the jurisdictional defect fatal to the first-filed suit.'"  *Lea v. United States*, 126 Fed. Cl. 203, 213 (quoting *Goad v. United States*, 46 Fed. Cl. 395, 398 (2000)), *reconsideration denied*, 2016 WL 2854257 (May 10, 2016), *aff'd*, 662 F. App'x 925 (Fed. Cir. 2016); *accord Buel, Inc. v. United States*, 153 Fed. Cl. 402, 404 (2021).

The plaintiffs' complaint in this case contains no new or additional factual allegations that would cure or tend to cure the jurisdictional defect identified by Judge Campbell-Smith when she dismissed Mr. Podlucky's suit based on the same set of operative facts.

Accordingly, the doctrine of *res judicata* bars the plaintiffs from pursuing this claim. Their recourse is not to file a new action but to appeal Judge Campbell-Smith's decision, and Mr. Podlucky has already done so.

### B.  Statute of Limitations

Every claim brought in this court under the Tucker Act is subject to the six-year statute of limitations of 28 U.S.C. § 2501.  Under this statute, every claim must be brought within six years after it first accrues.  *Martinez v. United States*, 333 F.3d 1295, 1304 (Fed. Cir. 2003) (en banc), *cert. denied*, 540 U.S. 1177 (2004).  This six-year statute of limitations is jurisdictional, *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008), and not subject to equitable tolling. *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008).

The plaintiffs allege that the taking of their jewelry occurred on November 6, 2006; January 19, 2007; and January 23, 2007.  The latest date noted in the complaint is November 2, 2011, the date on which the testimony regarding what portion of the jewelry seized by search warrant could be correlated to receipts obtained during the investigation into the plaintiffs.  This suit was filed in 2021, more than six years later than the alleged takings.

A claim under the Tucker Act "accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit . . . ."  *Martinez*, 333 F.3d at 1303.  The plaintiffs have not identified any date later than 2011 that is relevant to their claim.  They argue instead that their claim accrued on the date of the most recent decision by the district court rejecting their claims in March 2021.  (Pls.' Reply to Def.'s Mot. to Dismiss at 47.)  The plaintiffs' claim accrued not when the district court made its most recent decision but when the facts underlying their claim occurred.  Those facts are related to the alleged illegal taking, and that taking occurred more than six years before this action was filed.

Because the dates the plaintiffs identify in their complaint for when their claim accrued are all more than six years before the filing of their complaint here, their claim is barred by 28 U.S.C. § 2501, and the Court lacks jurisdiction over the case.

### C.  Jurisdiction Over Claim for Improper Civil Forfeiture

Although the Tucket Act confers on the Court of Federal Claims jurisdiction over a claim for money damages from the United States not sounding in tort, the Tucker Act is displaced when a statute contains its own remedial scheme.  *United States v. Bormes*, 568 U.S. 6 (2012).  That is the case here.  Congress has created a comprehensive remedial scheme to resolve disputes over civil asset forfeitures.  Under the Civil Assert Forfeiture Reform Act of 2000, Pub. L. 106-185, 114 Stat. 202 (April 25, 2000), Congress has vested the authority to resolve contested asset forfeitures in federal district courts and not the Court of Federal Claims. 18 U.S.C. § 983(a)(4)(A) & (f)(3)(A).

As a result of this comprehensive remedial scheme, the Federal Circuit "has clearly stated" that the Court of Federal Claims "does not have jurisdiction over a Fifth Amendment taking claim based on the federal government's *in rem* forfeiture of property when the plaintiff could have participated in the [forfeiture] proceedings."  *Hammitt v. United States*, 69 Fed. Cl. 165, 168 (2005) (citing *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1376 (Fed. Cir. 2001)), *aff'd*, 209 F. App'x 986 (Fed. Cir. 2006), *cert. denied*, 552 U.S. 820 (2007); *accord Upshaw v. United States*, 673 F. App'x 985 (Fed. Cir. 2016).

Under the Federal Circuit's precedent on point, this court may not exercise jurisdiction over a challenge to a civil forfeiture.  The plaintiffs' only recourse is in the district court.  And, indeed, the plaintiffs are participating in the ongoing civil *in rem* forfeiture proceeding in the Western District of Pennsylvania.  To the extent the plaintiffs seek to obtain relief, they must do so in those ongoing proceedings, not in this court.

### D.  Failure to State a Takings Claim

Although the defendant did not raise the issue, there is yet another reason the plaintiffs' claim fails.  The plaintiffs have alleged that their "jointly-owned [j]ewelry has been *unlawfully* taken from the [p]laintiffs in violation of the Takings Clause of the Fifth Amendment."  (Compl. at 2 (emphasis added).)  In their opposition to the defendant's motion to dismiss, the plaintiffs reiterate that their claim in this case is based on allegedly unlawful actions, which constituted the taking.  (*See* Pls.' Reply to Def.'s Mot. to Dismiss at 43, 45, 48 n.14.)

The Federal Circuit has held that "[a] takings claim cannot be found on the theory that the United States has taken unlawful action."  *Moody v. United States*, 931 F.3d 1136, 1142 (Fed. Cir. 2019).  "'[A]n uncompensated taking and an unlawful government action constitute two separate wrongs that give rise to two separate causes of action.'"  *Acadia Tech., Inc. v. United States*, 458 F.3d 1327, 1331 (Fed. Cir. 2006) (quoting *Rith Energy, Inc. v. United States*, 247 F.3d 1355, 1365 (Fed. Cir. 2001)) (internal quotation marks omitted).  "[C]omplaints about the wrongfulness of [government action] are . . . not properly presented in the context of [a] takings claim."  *Rith Energy, Inc. v. United States*, 270 F.3d 1347, 1352 (Fed. Cir. 2001) (on petition for rehearing).

The plaintiffs here challenge the legality of the federal government's action in seeking to forfeit a portion of the jewels seized from them during the criminal investigation that produced their convictions. By alleging that the government "unlawfully" took the plaintiffs' jewelry, the plaintiffs have failed to state a claim for a taking within the jurisdiction of the Court of Federal Claims. They may pursue their claim for an unlawful taking in the district court.

### E.  Transfer is Not Warranted

Under 28 U.S.C. § 1631, a court lacking jurisdiction over an action "shall, if it is in the interest of justice, transfer such action" to any court in which the case could originally have been brought. The plaintiffs are already contesting the forfeiture in a civil case in the Western District of Pennsylvania. Because their claim will be fully litigated in that action, the intertest of justice does not require a transfer to that, or any other, federal court to allow the plaintiffs to litigate their claim. Therefore, just as Judge Campbell-Smith did with Mr. Podlucky's prior case, *Podlucky*, 2021 WL 2627130, at *3 (Fed. Cl. June 25, 2021), the Court declines to transfer this case to the Western District of Pennsylvania.

## IV.    CONCLUSION

The plaintiffs' motion for leave to proceed *in forma pauperis* is **GRANTED**.

The plaintiffs' claim is barred by the doctrine of *res judicata*, is untimely under 28 U.S.C. § 2501, and falls outside the subject-matter jurisdiction of the Court of Federal Claims. Accordingly, the Court lacks jurisdiction over the claim. The defendant's motion to dismiss the complaint pursuant to RCFC 12(b)(1) is **GRANTED**, and the complaint **DISMISSED** under RCFC 12(h)(3).

The plaintiffs' claim for a taking also fails to state a claim on which relief can be granted. Accordingly, the complaint is **DISMISSED** under RCFC 12(b)(6).

The Clerk is **DIRECTED** to enter final judgment dismissing the complaint. No costs are awarded.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**